# CARL M. MOHR v. HENNEPIN AUTO COMPANY.[1]

April 28, 1916.

Nos. 19731—(132).

**Pleading — counterclaim based on contract — demurrer overruled.**

Plaintiff demurred to a counterclaim in defendant's answer on the ground that it did not arise on contract nor out of the transactions set forth in the complaint. *Held* not well taken.

Action in the district court for Hennepin county for specific performance of defendant's agreement to issue its common stock to plaintiff. From an order, Steele, J., sustaining a demurrer to the first counterclaim set out in the amended answer, defendant appealed. Reversed.

*Arthur M. Higgins,* for appellant.

*Victor M. Petersen and M. Rose,* for respondent.

TAYLOR, C.

Both parties concede that plaintiff seeks to recover upon a contract. Plaintiff demurred to the first counterclaim set forth in defendant's answer upon the ground that the counterclaim was based upon a tort and not upon contract and did not arise out of the transactions set forth in the complaint. The demurrer was sustained and defendant appealed.

It appears from the counterclaim that defendant had issued its capital stock of the par value of $4,000 to plaintiff and had received therefor plaintiff's promissory note in the sum of $4,000; that plaintiff had entered into a written contract to sell a tract of Canadian land to one Imhoff and held Imhoff's notes in the sum of $12,000 for the unpaid purchase price therefor; that, as a part of the transaction in which plaintiff purchased defendant's stock, the Imhoff contract and notes were delivered to defendant as security for plaintiff's note, and it was agreed that plaintiff's note should be renewed at maturity and be paid out of

[1]Reported in 157 N. W. 639.

moneys realized from such security; that Imhoff possessed no property and never paid anything on the contract, and that the contract was not made in good faith but merely to give a fictitious value to the property to deceive prospective purchasers; that plaintiff did not own the land he contracted to sell to Imhoff but merely held a contract for the purchase thereof from the owner; that, when plaintiff executed his note and delivered the Imhoff notes and contract as security therefor, he promised to pay immediately the entire balance due upon his own contract; that he failed to pay such balance and his contract for the purchase of the land has been canceled by judgment of the Canadian court on account of such failure; that he made misrepresentations as to the land and his contract therefor; that at the maturity of his note plaintiff refused either to pay or renew it and the security therefor is worthless; and that plaintiff has wrongfully taken the note executed by himself together with the Imhoff notes and contract from the possession of defendant and refuses to return them. The relief asked was judgment for the amount of plaintiff's note.

Plaintiff contends that this counterclaim states an action for damages for fraud and deceit. Defendant contends that it states a cause of action upon the note, and alleges the other matters merely to show that defendant should be relieved from the obligation to satisfy the note out of the security. As pleadings both the complaint and answer might be improved.

In view of the nature of the action, and of the fact that the defendant sets forth the note and seeks to recover the amount thereof, and of the further fact that defendant sets forth eight other counterclaims in which it seeks to recover the amount of eight other written instruments for the payment of money, we hold that the counterclaim in question should be construed as based upon contract and not as stating a cause of action for fraud or deceit.

Order reversed.